UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINICK TERRON NICHOLS,

        Petitioner,               Civil No. 2:23-cv-10020

                                         Honorable Paul D. Borman

v.

JOHN CHRISTIANSEN,

        Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DECLINING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Michigan prisoner Dominick Terron Nichols, confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his sentence for his plea-based conviction for armed robbery, Mich. Comp. Laws § 750.529. For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

**I.    BACKGROUND**

On July 11, 2019, Petitioner pleaded guilty to one count armed robbery in the Berrien County Circuit Court. On October 14, 2019, the state trial court sentenced him to fourteen to fifty years' imprisonment. Petitioner filed an

application for leave to appeal in the Michigan Court of Appeals. In his application, Petitioner argued that the trial court erred in scoring Offense Variables (OV) 4, 12, 13, and 19 when computing his sentence. Petitioner requested that the Michigan Court of Appeals remand his case for rescoring of his sentencing guidelines.

On June 23, 2022, the Michigan Court of Appeals entered an order remanding the case to the trial court for "the ministerial task of correcting defendant's Presentence Investigation Report and Sentencing Information Report to reflect a five-point score for Offense Variable (OV) 12, MCL 777.42(1)(d), and a zero-point score for OV 13, MCL 777.43(1)(g)." *People v. Nichols*, No. 361484 (Mich. Ct. App. June 23, 2022). (ECF No. 1, PageID.18.) In all other respects, the Michigan Court of Appeals denied the application for lack of merit on the grounds presented and concluded that Petitioner was not entitled to re-sentencing because the scoring change did not alter his sentencing guidelines. *Id*. Petitioner attempted to file a delayed application for leave to appeal in the Michigan Supreme Court, which was denied as untimely. (ECF No. 1, PageID.22.)

Petitioner seeks a writ of habeas corpus on the ground that the Michigan Court of Appeals failed to consider whether the trial court properly scored OV 4 and OV 19 and whether the trial court's order to pay restitution for charges in a dismissed criminal case was proper. (ECF No. 1, PageID.5.)

2

## II. DISCUSSION

### A. Standard of Review

A federal district court may summarily dismiss a habeas petition if it plainly appears from its face or its exhibits that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit held long ago that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court, therefore, has the duty to screen out any habeas petition that lacks merit on its face. *Id*. at 141. After undertaking the review required by Rule 4, this Court concludes that Petitioner's sentencing claim does not entitle him to habeas relief, such that the petition for writ of habeas corpus must be summarily dismissed. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### B. Petitioner's Sentencing Claim

Petitioner alleges that the state trial court incorrectly scored the Michigan Sentencing Guidelines by assessing points based upon a finding that the victim suffered serious psychological injury requiring professional treatment (OV 4) and on Petitioner's interference with the administration of justice (OV 19). Petitioner

3

also argues that trial court's order to pay restitution for charges in a dismissed criminal case was improper.

Petitioner's claim that state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is essentially a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas corpus relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). And petitioners have "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Therefore, habeas relief is generally not warranted for this claim unless Petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

First, to the extent that Petitioner asserts that the state trial court violated his Sixth and Fourteenth Amendment rights by relying upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence, he is not

4

entitled to habeas corpus relief. Such a claim arises from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-112.

In *People v. Lockridge*, 498 Mich. 358 (2015), the Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines violate the Sixth Amendment because the guidelines "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range."

5

*Lockridge*, 498 Mich. at 364. The court's remedy was to make the guidelines advisory only. *Id.* at 391-92.

Here, Petitioner was sentenced on October 14, 2019, nearly four years after *Lockridge*. At that point, the Michigan sentencing guidelines were advisory, not mandatory. Purely advisory applications of the guidelines do not run afoul of the Sixth Amendment. *See U.S. v. Booker*, 543 U.S. 220, 232 (2005) ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). Thus, Petitioner is not entitled to relief based upon his argument that he was sentenced in violation of the Sixth Amendment.

Second, to the extent that Petitioner asserts that his sentence violates his right to due process because the state trial court relied on "inaccurate information," he is not entitled to habeas corpus relief. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). However, habeas corpus relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing

6

28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)); *see also Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (stating that an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'"). For instance, a criminal sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend*, 334 U.S. at 741. Such a claim requires a petitioner show that the information relied upon by the court in imposing the sentence was materially false. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).

Here, Petitioner makes no such showing. Although Petitioner asserts that his sentence was based on inaccurate information, the crux of his argument appears to take issue with the trial court's application of the sentencing guidelines, which is insufficient to establish a due process violation. Therefore, habeas corpus relief is not warranted on this claim.

Lastly, Petitioner's challenge that the state trial court improperly imposed restitution fees fails to state a claim on habeas corpus review. Petitioner cannot challenge the imposition of fines and costs by the sentencing court in a petition for

7

writ of habeas corpus. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995); *see also U.S. v. Mays*, 67 F. App'x 868, 869 (6th Cir. 2003) (District Court lacked subject matter jurisdiction over defendant's § 2255 post-judgment motion to reduce or rescind fine levied in criminal judgment).

Likewise, continuing liability under a restitution order is akin to a fine-only conviction and is not a sufficient enough restraint on his liberty to warrant habeas corpus relief. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *see also Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (finding that imposition of restitution order as part of California state sentence could not be challenged under habeas statute because restitution did not affect duration of habeas Petitioner's state custody). Petitioner fails to state a claim for relief on this basis.

Accordingly, the Court concludes that Petitioner's sentencing claim does not entitle him to habeas relief and his petition for writ of habeas corpus must be summarily dismissed.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a federal court rejects a habeas corpus petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. "The District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED** with prejudice.

9

It is further **ORDERED** that a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.

**IT IS SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
United States District Judge

Dated: May 18, 2023